# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**WESLEY JEFFERSON**                                                          **PETITIONER**
**ADC #104933**

**VS.**                          **NO. 4:26-CV-00663-JM-ERE**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                          **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States

District Judge James M. Moody, Jr. You may file objections if you disagree with the

findings or conclusions set out in the RD. Objections should be specific, include the

factual or legal basis for the objection, and must be filed within fourteen days. If you

do not object, you risk waiving the right to appeal questions of fact.

## I.    Background

Wesley Jefferson, an inmate at the Varner Unit of the Arkansas Division of

Correction, has filed a  petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254. He challenges his 2006 convictions for capital murder, aggravated robbery,

theft of property, and fleeing.[1]

---

[1] Mr. Jefferson received a life prison sentence, without the possibility of parole, for capital murder, 240 months for aggravated robbery, 120 months for theft of property, and 72 months for fleeing. His convictions and sentences were affirmed on direct appeal. *Jefferson v. State*, 372 Ark. 307, 276 S.W.3d 214 (2008).

This is the fourth § 2254 petition Mr. Jefferson has filed challenging his 2006 convictions. He filed the first in 2010, asserting that: (1) his trial attorney rendered ineffective assistance by conceding his guilt during opening statement and refusing to raise a due process claim; and (2) his sentence was illegal because he was charged with both capital murder and the underlying felony. *Jefferson v. Norris*, No. 5:10CV00167-JMM-JTR, ECF No. 2 (E.D. Ark. June 1, 2010). Judge Moody dismissed the petition with prejudice, finding Mr. Jefferson's ineffective assistance claims were procedurally defaulted and his illegal sentence claim without merit. *Id*., ECF No. 21, 23, 24. The Eighth Circuit denied a certificate of appealability and affirmed the judgment. *Id*., ECF Nos. 29, 30, 31.

In 2015, Mr. Jefferson filed his second § 2254 petition, again challenging his 2006 convictions, asserting ineffective assistance of trial counsel and due process violations. *Jefferson v. Kelley*, No. 5:15cv00186-JM-JTR, ECF No. 2 (E.D. Ark. June 9, 2015). Judge Moody dismissed the petition without prejudice on the ground that Mr. Jefferson failed to obtain authorization from the Eighth Circuit to file a second or successive application seeking habeas relief. *Id*., ECF. No. 4. Mr. Jefferson then petitioned the Eighth Circuit for permission to file a successive petition, and his petition was denied. *Jefferson v. Kelley*, No. 16-3374 (8th Cir. Jan. 4, 2017).

In 2017, Mr. Jefferson filed his third § 2254 petition, asserting that the Arkansas Supreme Court erred in dismissing his appeal of an order denying his state

2

habeas petition. *Jefferson v. Kelley*, No. 5:17cv00263-JM-JTR, ECF No. 2 (E.D. Ark. Oct. 18, 2017). Judge Moody dismissed the petition without prejudice on the ground that Mr. Jefferson failed to obtain authorization from the Eighth Circuit to file a  successive application seeking habeas relief. *Id*., ECF. Nos. 3, 5, 6. Mr. Jefferson again petitioned the Eighth Circuit for authorization to filed a successive § 2254 petition, and authorization was denied. *Jefferson v. Kelley*, No. 17-3697 (8th Cir. April 27, 2018).

On July 6, 2026 Mr. Jefferson filed the § 2254 petition now before the Court. *Doc. 2*. He once again challenges his 2006 convictions and repeats ineffective assistance of trial counsel and illegal sentence claims asserted in his previous § 2254 petitions.

## II.    Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 prohibits a petitioner from filing a "second or successive [habeas] application" in a district court without authorization from the appropriate court of appeals.    28 U.S.C. § 2244(b)(3)(A). "When considering a habeas corpus application under § 2254, the phrase 'second or successive' must be interpreted with respect to the *judgment* challenged." *Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017) (citing *Magwood v. Patterson*, 561 U.S. 320, 333 (2010) (emphasis in original)).

The § 2254 petition now before the Court is Mr. Jefferson's fourth petition contesting his 2006 convictions. Only the United States Court of Appeals for the Eighth Circuit has the authority to grant Mr. Jefferson permission to file a successive § 2254 habeas petition, and until such authorization is granted, this Court lacks jurisdiction to proceed. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

### III.   Conclusion

IT IS THEREFORE RECOMMENDED that:

1.   Mr. Jefferson's 28 U.S.C. § 2254 petition (*Doc.2*) be DISMISSED, WITHOUT PREJUDICE, so that he  may seek authorization from the Eighth Circuit to file a successive habeas petition, pursuant to 28 U.S.C. § 2244(b)(3)(A).

2.  A Certificate of Appealability be DENIED.[2]

Dated 24 July 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] A state prisoner seeking to appeal a district court's denial of his § 2254 petition must first obtain a certificate of appealability ("COA"). S*ee* 28 U.S.C. § 2253(c) A COA should be denied in this case because Mr. Jefferson cannot show that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).